# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAP, a minor, by and through his guardian ad litem, MARIA ISABEL PEREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF BAKERSFIELD; BAKERSFIELD POLICE DEPARTMENT; JASON MATSON; and DOES 1 to 100, Inclusive,<br><br>  Defendants. | 1:08cv0540 DLB<br><br>ORDER GRANTING PETITION FOR ORDER APPROVING COMPROMISE OF THE CLAIM OF PLAINTIFF, MAP, A MINOR<br>(Document 34) |

Petitioner Maria Isabel Perez filed the instant petition for an order approving compromise of the claim of Plaintiff MAP on December 11, 2008. The petition was heard on January 16, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Charles Chapman appeared on behalf of Plaintiff MAP, who was present with petitioner Maria Isabel Perez, his guardian ad litem. There was no appearance for Defendants.

**BACKGROUND**

The minor, MAP, is a male born December 13, 1993, and is approximately fifteen years of age. Petitioner Maria Isabel Perez is the mother and guardian ad litem of MAP. This action arises out of an incident on December 17, 2007, in which Bakersfield Police Department officers went to MAP's residence in search of a criminal suspect. Officers ordered Maria Isabel Perez and two of her sons, David Perez and Juan Antonio Perez, out of their home. Maria Isabel Perez, David Perez, and Juan Antonio Perez complied with the order. Officers then asked Maria Isabel Perez to

tie up her dogs. She did. Maria Isabel Perez' third son, Juan Carlos Perez, appeared at the door of the home. Officers ordered Juan Carlos Perez out of the home. He complied. Officers then asked Maria Isabel Perez if there was anyone else in the house. Ms. Perez contends that she told officers that her fourteen-year-old son MAP was asleep in the home. Defendants dispute this contention. Officers entered the home, released a police attack dog and ordered it to attack anyone in the home. The police dog found MAP in his bed and bit him on the head. MAP suffered physical and emotional injuries.

This action was filed on April 21, 2008. MAP alleges causes of action for : (1) violation of his rights under the Fourth and Fourteenth Amendment pursuant to 42 U.S.C. section 1983; (2) violation of California Bane Act, California Civil Code section 52.1; (3) assault and battery; (4) intentional infliction of emotional distress; and (5) negligence.

The parties to this action participated in voluntary mediation before Oliver U. Robinson, Esq., on December 3, 2008. At mediation, Defendants offered $95,000.00 in consideration of a full and final release and discharge of and from all claims, charges, and demands of MAP arising from the incident.

Petitioner seeks approval for payment out of the settlement proceeds as follows: (1) the sum of $12,629.51 be paid to MAP's medical providers for the reasonable value of their services; and (2) the sum of $25,377.78 (25% of $95,000 plus costs of $1,627.78) payable to Rodriguez and Associates for attorneys fees, costs and reasonable expenses. Petitioner proposes that the remaining balance of the settlement proceeds of $56,992.71 be deposited into an insured account subject to withdrawal only upon authorization of the Court until said time as MAP reaches the age of majority.

## **DISCUSSION**

This Court's Local Rule 17-202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by . . . a minor . . . may be settled or compromised absent court order by the Court in approving the settlement or compromise.
> . . .
> >  (2) Such application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of

2

>the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .
>
>(c) Disclosure of Attorney's Interest.  When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>. . .
>
>(e) Payment of Judgment.  Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

Federal Rule of Civil Procedure 17(c) empowers a district court to make an "appropriate order" to protect a minor.  "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires *court approval* of the fairness and terms of the settlement."  Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Civil Procedure Before Trial* (2008) Pretrial Conference and Settlement Procedures, para. 15:138, p. 15-48 (emphasis in original).  A settlement for a minor and attorney fees to represent a minor must be approved by the court.  Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code, § 3601.  A leading California practice guide observes:

>Although courts vary in their fee approval policies, all consider the time expended and the complexity of the case.
>...
>The court may allow attorney fees under a valid contingency agreement so long as the fees are *reasonable*.
>...
>Many courts require a showing of "good cause" to award more than 25% of any recovery.

Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2008) Settlement Procedures, paras. 12:576 and 12:577, p. 12(II)-17 (citations omitted).

3

The present petition includes the information required by this Court's Local Rule 17-202(b)(2) and (c) to address the details of the proposed compromise. The Court finds Petitioner's request that $12,629.51 be paid to MAP's attorneys to reimburse medical providers is reasonable. As a result of the attack, MAP suffered wounds to his face and left ear. He has outstanding medical charges totaling $12,629.51 owed to (1) Kern Medical Center ($10,000.00); (2) Sierra Pacific Anesthesia ($2,400.00); and (3) Department of Health Services ($229.51). Exhibit C to Petition for Order Approving Compromise of the Claim.

The Court also finds the request for attorney fees totaling 25% of the settlement in the amount of $23,750.00 (25% of $95,000) and the request for costs totaling $1,627.78 to be reasonable. The costs are itemized and include charges for the mediator, an investigator, filing of the complaint, a process server, an interpreter, records from various entities, supplies, photocopying, telephone calls, postage and a "set up fee." *See* Exhibit B to Petition for Order Approving Compromise of the Claim. The total payout to Rodriguez and Associates is $25,377.78 for attorney's fees and costs.

MAP's remaining $56,992.71 share should appropriately be deposited in an insured account at Mission Bank, Main Branch, located at 1330 Truxtun Avenue, Bakersfield, California, and not be withdrawn without a court order or until MAP reaches the age of majority.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court ORDERS as follows:

1. The Petition for Order Approving Compromise of Claim of Plaintiff, MAP, a Minor is GRANTED;

2. MAP's $56,992.71 share shall be deposited in an insured account at Mission Bank, Main Branch, located at 1330 Truxtun Avenue, Bakersfield, California, and not withdrawn without a court order or until MAP reaches the age of majority;

3. The sum of $12,629.51 is permitted to be paid to Rodriguez & Associates to reimburse medical providers that treated MAP in connection with this matter; and

///

///

4. The sum of $25,377.78 is permitted to be paid to Rodriguez & Associates for attorney's fees, costs and expenses.

IT IS SO ORDERED.

Dated: **January 23, 2009**        **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE